NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0493n.06
Filed: June 10, 2005

No. 04-3373

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PEDRO ANTONIO DE LOS SANTOS,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

_____/

Before:     MARTIN and ROGERS, Circuit Judges; and FORESTER, District Judge.[*]

    BOYCE F. MARTIN, JR., Circuit Judge. Pedro Antonio De Los Santos appeals the district court's denial of his request for an order compelling the Attorney General to issue him a certificate of United States citizenship.

    De Los Santos, a Dominican Republic native, emigrated to the United States in 1990 and applied for naturalization. He claims that his application was approved, but that he was arrested and incarcerated on federal narcotics charges before he could attend a public swearing-in ceremony. De Los Santos was ultimately convicted of those charges and is currently serving a sentence at a federal prison in Ohio. In 2003, while incarcerated, De Los Santos filed a "petition for declaratory judgment" in which he requested that the district court enter an order compelling the Attorney

_____

    [*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

General to issue him a certificate of United States citizenship. The district court denied the petition and dismissed the case. This appeal followed.

De Los Santos's petition relied primarily upon two statutory sources of authority: (1) 8 U.S.C. § 1503, which allows a person who "claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency" to institute an action "for a judgment declaring him to be a national of the United States;" and (2) 28 U.S.C. § 2241, which authorizes district courts to grant writs of habeas corpus. Contrary to De Los Santos's assertions, however, neither statute entitles him to the relief that he seeks.

First, a prerequisite to filing an action under 8 U.S.C. § 1503 is a "final administrative denial" of the claimed right or privilege. In this case, there has been no final administrative denial of De Los Santos's application for naturalization. On the contrary, De Los Santos claims that his application for naturalization was actually approved. Therefore, De Los Santos cannot maintain an action under 8 U.S.C. § 1503.

Second, De Los Santos's request for habeas relief pursuant to 28 U.S.C. § 2241 fails because his petition does not name a proper respondent and, in any event, the proper respondent could not grant the relief that he seeks. As the district court recognized, a writ of habeas corpus, if granted, must be directed "to the person having custody of the person detained." 28 U.S.C. § 2243; *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973). As a general matter, the proper respondent in a habeas proceeding instituted by a prisoner is the warden of the penal institution in which the prisoner is incarcerated. The only respondent named in De Los Santos's petition was former Attorney General John Ashcroft, but De Los Santos was never in the custody

of the Attorney General; accordingly, Ashcroft is not a proper respondent.  In any event, even naming the proper respondent would not assist De Los Santos in obtaining the relief that he seeks, because no warden of a federal prison could cause the issuance of a certificate of United States citizenship.

For these reasons, and those expressed in the district court's well-reasoned opinion, we AFFIRM the district court's judgment.